IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELAINE ANN WIGGS,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 4:14-CV-080-O-BL |
| | §<br>§ | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | §<br>§<br>§ | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Elaine Wiggs (Claimant) seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). The United States District Judge transferred the case to this court for pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (Doc. 7). After considering all the pleadings, briefs, and administrative record, this court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Claimant filed her claims for SSI and DIB on April 21 and 22, 2011, respectively. Tr. 16. Her claim was denied initially on August 10, 2011, and again upon reconsideration on October 12, 2011. *Id.* On June 11, 2012, an Administrative Law Judge (ALJ) held a hearing at which Claimant testified. *See id.* at 35–66. In a written decision dated October 19, 2012, the ALJ determined that Claimant was not disabled under the Act. *Id.* at 16–27.

Specifically, the ALJ decided: Claimant had not engaged in substantial gainful activity

1

since her alleged onset date of November 19, 2010; Claimant had several severe impairments, including left foot osteoarthritis and history of plantar fasciitis, history of asthma, mild COPD, hypertension, and morbid obesity; and Claimant did not have an impairment or combination of impairments that met or medically equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also determined that Claimant had the following residual functional capacity (RFC):

> [T]he claimant retains the [RFC], over a sustained period of time, to perform light work, i.e., lifting no more than 10 pounds frequently or 20 pounds occasionally; further limited to standing or walking for 2 hours in an 8-hour workday; only occasional stooping, kneeling, crouching, or crawling; no climbing ladders, ropes, or scaffolds; and no concentrated exposure to temperature extremes, dust, fumes, chemical, or humidity.

*Id.* at 19.

Finally, the ALJ determined that while Claimant could not perform her past relevant work (discussed below), considering her age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. *Id.* at 24–26.

Accordingly, the ALJ determined that Claimant was not disabled under the Act, and denied her application for DIB and SSI. The Appeals Council denied review on December 20, 2013. *Id.* at 1–3. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

Claimant was born in 1963 and was forty-nine years old at the time of her administrative hearing. Tr. 25. She progressed in school up through the eleventh grade. Tr. 39. Her most recent

work was as a floral designer. Tr. 39. In that position, Claimant would essentially stand or sit behind a counter for the duration of the workday, making floral arrangements and taking orders from customers. Tr. 41.

Claimant testified that she has been obese her whole life. *See* Tr. 22. Partly as a result of her weight, Claimant's left foot swells unless she puts on shoes quickly after she wakes up in the morning. Tr. 43–44. She then must elevate her foot to minimize the swelling. Tr. 44. While she was working at the flower shop, Claimant would accomplish this by placing a box under the counter and propping her left foot on top of it while she was working or taking orders from customers. Tr. 41. When the flower shop closed in December 2010, Claimant stopped working altogether. Tr. 40. Since then, Claimant testified she elevates her foot in a reclining chair. Tr. 58. Here on appeal, Claimant urges that while she must sit and elevate her feet for extended periods of time throughout the day, she cannot do so for too long; she must be able to stand up and walk around to get some movement into her legs and feet. Pl.'s Br. 7–8.

### III. STANDARD OF REVIEW

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b) (2013).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe

impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *accord* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner

and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

## IV. DISCUSSION

As noted, RFC is the most an individual can do despite her impairments. *Perez*, 415 F.3d at 461–62. In determining RFC the ALJ considers, *inter alia*, each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling, based on "all relevant evidence in the claimant's record." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001); *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). Claimant's argument before the court concerns just one of these strength demands—sitting. Claimant alleges the ALJ erred by failing to explicitly find that Claimant could sit for no more than six hours in an eight-hour workday. Claimant states the lack of such a finding matters because the ALJ cited jobs that require sitting for more than six hours.

Claimant's argument must fail for two reasons: she misunderstands the ALJ's RFC finding, and she mischaracterizes the jobs the ALJ cited. In the present context a workday is eight hours. *See* SSR 96-8P, 1996 WL 374184, *1 (July 2, 1996). The ALJ found that Claimant was limited to standing and walking for two hours in a workday. Tr. 19. The ALJ based his finding on the opinion of Roberta Herman, M.D. Tr. 21. Dr. Herman performed a physical RFC assessment and opined Claimant could stand and walk for two hours in an eight-hour workday and could sit for "about [six] hours in an [eight]-hour workday." Tr. 450. Dr. Herman's opinion was affirmed by reviewing physician Amita Hedge, M.D. Tr. 457.

On its face the ALJ's RFC finding is not incompatible with Claimant sitting for six hours per workday. Standing and walking for two hours per workday, which Claimant concedes she can do, plainly leaves available six hours for sitting, which claimant concedes she can do. It would seem, then, that Claimant's argument actually squares with the ALJ's findings.

Claimant's argument begins to make more sense if one accepts the premise which comprises the second reason Claimant's argument must fail, namely that the ALJ cited jobs which can only be performed while seated for a whole workday. The ALJ noted the positions of appointment setter and telephone solicitor. *See* Tr. 20–21. Claimant alleges these two jobs "involve *only* tasks that are performed sitting." Pl.'s Br. 11 (emphasis in original).

From the outset, Claimant cites no authority for the proposition that the tasks performed by an appointment setter or telephone solicitor involve only tasks that are performed while seated. *See* Pl.'s Br. 11. The descriptions of the two positions in the Dictionary of Occupational Titles (DOT) do not contain a seating requirement.[1] That these jobs involve only tasks performed while seated appears to be a conclusion summarily made by Claimant, without further explanation or justification. To the extent Claimant is interpreting the DOT descriptions, making real-world application of the written DOT language, such is the province of the VE. "The value of a vocational expert is that [she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specific job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) (per curiam). In fact that is what the VE did in this case. *See* Tr. 25–26, 61–62. The VE testified at the administrative hearing that during the workday in the telephone solicitor position, "you can stand for a lot of the time there." Tr. 62. The VE further testified that the appointment setter position has a sit/stand option and allows for positional changes as needed. Tr. 62–63. These expert

---

[1] *See* DICTIONARY OF OCCUPATIONAL TITLES, § 237.367-010–Appointment Clerk, *available at* occupationalinfo.org/23/237367010.html; *Id.* § 299.357-014–Telephone Solicitor, *available at* occupationalinfo.org/29/299357014.html.

6

opinions were properly relied upon by the ALJ. *See* 20 C.F.R. §§ 404.1566(e), 416.966(e). Unsupported lay assertions by a claimant alone will not suffice to render a VE's opinion of the requirements of a job inapplicable. *See, e.g.*, *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995).

After reviewing the entire record it is apparent the ALJ's finding that Claimant could stand and walk for two hours in an eight-hour workday is supported by substantial evidence. *Masterson*, 309 F.3d at 272. Claimant concedes she can sit six hours in a workday, a figure not inconsistent with the ALJ's RFC finding. It is further apparent that Claimant's assertion the ALJ's two cited jobs include only tasks performed sitting down is contrary to the evidence in the record. Accordingly, Claimant's arguments before the court find no support in the record. Because substantial evidence supports the ALJ's findings, his decision is conclusive and must be upheld. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g) and *Richardson*, 402 U.S. at 390).

## V. CONCLUSION

For the foregoing reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Claimant's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

7

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 17th day of July, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**